

FILED
MAR -9 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN THE MATTER OF THE COMPLAINT OF
LYON SHIPYARD, INC., AS OWNER OF
THE BARGE RIG ONE WITH MOUNTED            ACTION NO. 2:14cv422
CRAWLER CRANE MANITOWOC 4000W FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY

## MEMORANDUM OPINION

This matter comes before the court on William H. Monroe, Jr.'s ("Claimant Monroe") Motion to Enter Stipulation and to Lift Injunction and Stay of Proceedings ("Motion"), filed on October 29, 2014. ECF No. 15. This matter has been fully briefed, and a hearing was held on February 20, 2015.

The resolution of this Motion may ultimately determine whether Claimant Monroe's wrongful death suit will be litigated in state court or federal court. See Pickle v. Char Lee Seafood, Inc., 174 F.3d 444, 451 (4th Cir. 1999) (internal citations omitted) ("If, however, the district court denies limitation of liability, the reason for concursus[1] disappears . . . . With the reason for concursus and restraint of other proceedings removed, no reason would remain to deprive the claimants of their choice

---

[1] A concursus occurs when all claims are marshaled "to ensure the prompt and economical disposition of controversies in which there are often a multitude of claimants." Maryland Cas. Co. v. Cushing, 347 U.S. 409, 415 (1954). This procedure is at the "heart" of the limitation of liability system. Id. at 414.

of forum."). Claimant Monroe wants this court to lift its injunction and allow the wrongful death case to proceed in state court, while Lyon Shipyard, Inc. ("Lyon") would prefer to litigate the wrongful death suit in federal court. Great Lakes Dredge and Dock, LLC ("Great Lakes"), which has not filed any briefings or stipulations related to this issue, would like the issue to be litigated in this court, as evidenced by its attempt to remove the case from state to federal court in an earlier proceeding, and through its representation to the court at the hearing on February 20, 2015. At that hearing, counsel for Great Lakes pointedly said that, while this court _may_ allow the wrongful death suit to proceed in state court, its claims for loss of use and ongoing attorneys' fees have only been brought before this court, and that it has no intention of filing cross-claims in state court, as long as there is a pending limitation action before this court.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 16, 2014, Claimant Monroe, as the Administrator of John Robert McCullen's estate, filed a wrongful death action pursuant to 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act (the "LHWCA") in the Circuit Court for the City of Norfolk, Virginia.[2] The complaint seeks compensatory

---

[2] Although 28 U.S.C. § 1333(1) gives federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or

2

and punitive damages totaling twelve million dollars ($12,000,000) jointly and severally against Lyon and Great Lakes. The decedent, McCullen, was a machinist employed by Lyon who was killed while working on a dredge owned and operated by Great Lakes, the DODGE ISLAND, when it collided with a derrick barge owned by Lyon, the RIG ONE.

On May 19, 2014, Lyon filed a Plea in Bar to dismiss Claimant Monroe's state court claims against it on the grounds that the LHWCA precluded them. Monroe's Mem. Supp. at 2, ECF No. 16. On June 2, 2014, Great Lakes filed a Notice of Removal to remove the case to the United States District Court for the Eastern District of Virginia. See Case No. 2:14cv264, ECF No. 1. The case was assigned to Judge Raymond A. Jackson. On June 27, 2014, Lyon filed a Motion to Dismiss in the federal case, on the same grounds that it raised in its state court Plea in Bar. Id., ECF No. 10. Claimant Monroe then filed a Motion to Remand the case to state court on July 2, 2014. Id., ECF No. 13.

---

maritime jurisdiction," the savings to suitors clause in the same statute qualifies this exclusive jurisdiction by "saving to suitors in all cases other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(a). This clause has been interpreted to "leave[] state courts competent to adjudicate maritime causes of action in proceedings in personam." Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222 (1986). Thus, state courts have concurrent jurisdiction over admiralty cases that can be pursued in personam in state court, although federal law applies because such suits remain admiralty cases. Zych v. Unidentified, Wrecked, & Abandoned Vessel, Believed to be the Seabird, 941 F.2d 525, 533 n.12 (5th Cir. 1991). This requirement has been referred to as the "reverse-Erie" doctrine. Id.

On July 8, 2014, Claimant Monroe filed an Opposition to Lyon's Motion to Dismiss. Id., ECF No. 16. On August 5, 2014, Judge Jackson issued a Memorandum Opinion and Order remanding the federal case to the state court for lack of complete diversity and rendering Lyon's Motion to Dismiss moot. Id., ECF No. 26.

On August 19, 2014, Lyon filed a limitation complaint in this court, in which it seeks exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 et seq. and Federal Rule of Civil Procedure Supplemental Rule F. Compl. at 1, ECF No. 1. In its limitation complaint, Lyon submitted an ad interim stipulation for the value of the vessel in the sum of $1,200,000, plus $1,000 for costs. Id. at 5. Pursuant to Supplemental Rule F, this court issued an injunction on September 10, 2014, staying the state court proceeding against Lyon and Great Lakes. Order for Supp. Rule F Inj. at 3, ECF No. 6. Pursuant to this injunction Order, the ad interim stipulation of the value of Lyon's interest in the barge RIG ONE with mounted Crawler Crane Manitowoc 4000W and all of its tackle, appurtenances, fittings and freight then pending, was set to be $1,200,000. Id.[3] On the same day, the court issued a Notice of Complaint for Exoneration from or Limitation of Liability, instructing all persons to file any claims by

---

[3] The Order further stated that any party may move the court to increase or decrease the amount of the stipulation. Order for Supp. Rule F Inj. at 2.

4


October 15, 2014, and, if they wished to contest Lyon's right to exoneration from or limitation of liability, to file an answer to the limitation complaint. Notice of Compl. for Exoneration from or Limitation of Liability at 1, ECF No. 7. The court directed Lyon to publish notice in <u>The Virginian-Pilot</u>, the local newspaper, Order for Supp. Rule F Inj. at 2, with which direction Lyon fully complied. Aff. of Pub., ECF No. 14.

Two parties filed answers and claims in the limitation action. On September 25, 2014, Claimant Monroe filed his Answer to the Complaint and Claim, in which he concedes that the damages of $12,000,000 being sought "will exceed the limitation fund" of $1,200,000. Monroe's Answer & Claim at 8, ECF No. 10. Great Lakes ("Claimant Great Lakes") filed its Answer to the Complaint and Claim on October 15, 2014. ECF No. 12. Claimant Great Lakes seeks $161,000 in damages from loss of use of the dredge DODGE ISLAND, as well as indemnification for costs and attorneys' fees incurred in this action, which, as of October 15, 2014, was a claimed total of approximately $50,000. Great Lakes' Answer & Claim at 5-6. Thus, at this time, Great Lakes' Claim is $211,000, plus any costs and attorney's fees incurred during the pendency of the McCullen suit. <u>Id.</u>[4]

---

[4] Great Lakes has not filed any cross-claims in Virginia state court.

On October 29, 2014, Claimant Monroe filed the instant Motion, ECF No. 15, with an attached stipulation. Original Stip., ECF No. 15-1. The stipulation was amended on November 4, 2014, and sets forth:

> 1) he will not challenge Lyon's right to seek a determination of the privilege of limitation of liability before this court after a trial on the merits in state court, although he specifically reserves the right to deny and contest all allegations made in the complaint for limitation of liability;
>
> 2) he will not enforce any judgment obtained in any tribunal in excess of an amount equal to or less than the amount of the limitation fund until the limitation action has been heard by this court, and in no event will he seek to enforce an excess judgment achieved in _any_ tribunal against Lyon or _any_ other liable parties who may make cross-claims or claims of any kind against Lyon if it will expose Lyon to liability in excess of the limitation fund pending the adjudication by this court of the issue of limitation of liability;
>
> 3) this court has exclusive and continuing jurisdiction relating to the limitation of liability issue, and that he waives all claims of _res judicata_ regarding Lyon's right to limit liability based on any judgment obtained in either state court or _any_ other tribunal, and that he will not seek a judgment on the issue of Lyon's right to limitation of liability before any other tribunal;
>
> 4) the value of Lyon's interest in the barge RIG ONE to be $1,200,000, but reserving the right to move for an increase in value pursuant to Rule F if the limitation of liability issue is litigated before this court;
>
> 5) if Lyon is held responsible for loss of use and/or attorneys' fees and costs against a co-

>liable defendant or party seeking indemnification for attorneys' fees and costs, that such claim will have priority over his own;
>
>6) that the amount of his claim for damages exceeds the <u>ad interim</u> stipulation for Lyon's interest in the barge RIG ONE, and that the limitation fund in this proceeding is inadequate to compensate him for the injuries and damages in this case; and
>
>7) he will immediately supplement, modify, or amend his stipulation to cure any deficiencies and to adequately protect Lyon from the risk of any excess judgment or impairment to its right to seek limitation of liability exclusively before this court.

Am. Stip. 1-7, ECF No. 17;[5] <u>see also</u> Original Stip. 1-6.[6]

On November 4, 2014, Claimant Monroe submitted a Memorandum in Support of his Motion to Lift the Injunction ("Memorandum in Support"), arguing that Lyon is adequately protected by his stipulations against a finding of liability greater than that of the limitation fund of $1,200,000. Mem. Supp. at 4, ECF No. 16.

On November 18, 2014, Lyon filed its "Memorandum in Opposition to Motion to Enter Stipulations and Lift Injunction and Stay of Proceedings" ("Memorandum in Opposition"), in which it argues that a single claimant in a multiple-claimant limitation proceeding with insufficient funds may not

---

[5] Despite being formatted as a "block quote," this is a paraphrase of Claimant Monroe's amended stipulation, which is three pages long.

[6] The only difference between the original stipulation and the amended stipulation is the inclusion of Stipulation 4 in the amended stipulation.

7

unilaterally draft stipulations to lift a stay of state court proceedings. Mem. Opp'n at 3, ECF No. 18. Claimant Monroe filed his Reply Memorandum ("Reply") on November 21, 2014, asserting that the court may lift the stay because the shipowner, Lyon, is adequately protected by his stipulations despite the fact that Claimant Great Lakes has not made stipulations of its own. Reply at 5, ECF No. 19. Claimant Great Lakes has not submitted any filings beyond its Claim in the instant proceeding.

The court held a hearing on the Motion on February 20, 2015, ECF No. 20, after which it took the matter under review.

## II. STANDARD OF REVIEW

"[D]istrict courts have jurisdiction over actions arising under the Limitation Act, and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454 (2001). If the court concludes that the shipowner's right to limitation will not be adequately protected if the stay is lifted, the court should proceed to adjudicate the merits and decide both the issues of liability and limitation. Id. However, if the shipowner's right to seek limitation is protected, the decision to grant or dissolve the injunction and stay of state court proceedings is one within the court's discretion. Id.

8

## III. ANALYSIS

The key issue here is whether Claimant Monroe's stipulations, in particular Stipulation 5, which gives any claim of Great Lakes priority over Monroe's Claim, are sufficient to protect Lyon. Am. Stip. 5. The court finds that they are not.

Shipowners facing potential liability from an accident may file a complaint in federal court seeking protection under the Limitation of Liability Act, 46 U.S.C. §§ 30501 et seq., which, in relevant part, states that "the liability of the owner of a vessel . . . shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30505(a).[7] Thus, this statute is intended to protect shipowners from cases in which their liability may exceed the value of the vessel and its freight. Lewis, 531 U.S. at 446. Shipowners are allowed to protect their right to limitation by following the procedures enumerated in Federal Rule of Civil Procedure Supplemental Rule F (Limitation of Liability). Id. at 441.

As the United States Supreme Court recognized in Lewis, the Limitation of Liability Act is in tension with the "saving to suitors" clause of 28 U.S.C. § 1333(1), which provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . any civil case

---

[7] However, the shipowner is only protected by this statute if the circumstances causing any injury or loss occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505(b).

9

of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled.</u>" <u>Id.</u> at 444 (emphasis in original) (quoting 28 U.S.C. § 1333(1)). "Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." <u>Id.</u> at 445. The tension between the savings to suitors clause and the Limitation of Liability Act is apparent, because one gives plaintiffs the right to choose their remedy, including, as here, a suit in state court, while the other allows a shipowner to avail itself of the federal courts to limit liability. <u>Id.</u> at 448.

In order to resolve this tension, and to determine the proper forum to hear the case, a district court must assess whether, if the injunction against alternative proceedings were dissolved, the shipowner's "right to seek limitation of liability would be adequately protected." <u>Id.</u> at 451. If the district court determines that the shipowner is adequately protected, then the injunction should be dissolved, although the federal court may nevertheless stay the limitation of liability action and retain jurisdiction over it. <u>Id.</u> at 453-54. If the shipowner's right would not be adequately protected, then the district court must proceed to adjudicate, without a jury, the claims of liability. <u>Id.</u> at 448.

The Supreme Court in Lewis noted two examples where a shipowner's rights are sufficiently protected, and two where they are not. The shipowner's rights are adequately protected "where there is only a single claimant [who made sufficient stipulations] . . . or where the total claims do not exceed the value of the limitation fund." Id. at 451. On the other hand, a shipowner's rights would not be adequately protected where "a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims." Id. at 454. In Lewis, which involved only a single claimant, the Supreme Court held that the district court did not abuse its discretion in finding that the shipowner was adequately protected when the claimant stipulated that his claim would not exceed the limitation fund, he waived any defense of res judicata with respect to limitation of liability, and the district court stayed the limitation proceedings while retaining jurisdiction to act "if the state court proceedings jeopardized the vessel owner's rights under the Limitation Act." Id. at 453-54.

It is generally accepted that multiple claimants may transform their case into the functional equivalent of a single claim situation through the use of appropriate stipulations. In re Beiswenger Enters. Corp., 86 F.3d 1032, 1038 (11th Cir. 1996); Gorman v. Cerasia, 2 F.3d 519, 526 (3d Cir. 1993). In a

11

case involving multiple claimants, <u>all</u> claimants must agree to these stipulations in order to adequately protect the shipowner's right to limit liability. <u>Lewis</u>, 531 U.S. at 454.

This case involves two claimants, one of whom, Claimant Great Lakes, has not entered into any stipulations that would protect Lyon's right to limitation. Although Claimant Monroe argues that its unilateral stipulations, particularly the stipulation giving Claimant Great Lakes priority over his own claims, are sufficient to adequately protect Lyon, the plain language of the Supreme Court makes it apparent that, without a stipulation by Great Lakes, the injunction and stay of state proceedings may not be lifted. <u>Id.</u> at 454 (holding that "the vessel owner's right to limitation will not be adequately protected – where for example a group of claimants cannot agree on appropriate stipulations").

The Court of Appeals for the Fifth Circuit, a court with extensive experience in admiralty law, has held that one claimant's unilateral stipulations are not sufficient to lift an injunction and stay of state court proceedings when other claimants have not entered into stipulations of their own. <u>Odeco Oil & Gas Co., Drilling Div. v. Bonnette</u>, 74 F.3d 671, 675 (5th Cir. 1996). In <u>Odeco</u>, one claimant stipulated that his co-claimants' claims for indemnification of defense costs would take precedence over any claim of his own. <u>Id.</u> at 673 n.4. He

12

also stipulated that he would not pursue any claim against these co-claimants that would expose the limitation plaintiff to any liability in excess of the ad interim limitation fund. Id. at 673. Despite these stipulations, the Fifth Circuit held that the co-claimants' failure to file stipulations of their own meant that the shipowner was not protected because the stipulating claimants "ha[d] only partial control over [the shipowner's] potential liability." Id. at 675. In other words, the stipulations made by one claimant would not protect against the non-stipulating co-claimants' variable attorneys' fees and defense costs, which had the potential to exceed the value of the limitation fund. Id. (noting that the court was "not in a position to predict the possible developments in the state court proceedings"). Thus, the rule in the Fifth Circuit is clear: "When the aggregate of the damages being sought by all claimants exceeds the value of the concursus, actions in state court cannot proceed unless all claimants enter into a stipulation that adequately protects the shipowner." In re Port Arthur Towing Co., 42 F.3d 312, 316 (5th Cir. 1995).

Other courts have recognized the necessity of all claimants entering into protective stipulations. In Gorman v. Cerasia, 2 F.3d 519, 527-28 (3d Cir. 1993), the Court of Appeals for the Third Circuit held that, although the stipulations filed in a multiple-claim limitation action were initially appropriate,

13

once a co-defendant filed a new claim for contribution in both the state and federal actions while the appeal was pending, the matter had to be remanded to the district court until additional stipulations, including one by the co-claimant, were filed. Id. at 527-28. The court emphasized that "a multiple-claims-inadequate-fund limitation proceeding is of such dimension that an Admiralty Court cannot grant permission to a claimant to establish his claim in another tribunal." Id. at 525. In addition, in In re Complaint of McCarty Bros. Co/Clark Bridge, 83 F.3d 821 (7th Cir. 1996), the Court of Appeals for the Seventh Circuit noted that "multiple claims against the shipowner necessitate federal court adjudication." Id. at 832 (emphasis added).

Claimant Monroe points to two cases in support of his position that unilateral stipulations are sufficient to protect a limitation plaintiff in a multiple-claimant scenario. Monroe's Reply at 1-3. In In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.3d 750 (2d Cir. 1988), the Court of Appeals for the Second Circuit did hold that the district court was correct to lift the injunction and stay of the state court proceedings after two claimants entered into stipulations, despite the fact that other potential claimants existed. Id. at 756, 760. However, the court did so on the understanding that if the state court co-defendants, who had not filed a claim against

14

the shipowner in either state or federal court, were to seek indemnification against the limitation plaintiff, "the [district] court would be obligated to grant a stay of any such claims unless the third parties executed appropriate stipulations preserving the shipowners' right to limitation." Id. at 758-59.

Claimant Monroe primarily relies upon the Court of Appeals for the Eleventh Circuit's decision of In re Beiswenger Enters. Corp., 86 F.3d 1032 (11th Cir. 1996). The court in Beiswenger found that the stipulations filed by some claimants were sufficient to lift the injunction and stay of state court proceedings, despite the fact that potential third party claims for indemnity and contribution were possible. Id. at 1043. The court stated that "the vessel owner can be protected from excess liability at the hands of third parties even if those third parties themselves do not enter any protective stipulations." Id. In Beiswenger, part of this protection came in the form of the stipulation that *any* award of attorneys' fees and costs against the shipowner, in favor of *any* party, would have first priority. Id. at 1040.

However, in both Dammers and Beiswenger, the non-stipulating parties were *potential* claimants. In this case, Great Lakes has filed an *actual* claim in this limitation proceeding, which it wants to be adjudicated in federal court.

15

Despite Claimant Monroe phrasing this to be a "distinction without a difference," Monroe's Reply at 4, this distinction moves the claimant to a situation that falls squarely within the Supreme Court's prohibition on lifting the injunction and stay of state court proceedings, when multiple claimants cannot agree to sufficient stipulations. See Lewis, 531 U.S. at 454.

Even if the court did have the discretion to lift the injunction and stay of state court proceedings at this time, it would not do so in the interest of judicial economy. Claimant Great Lakes has not filed a cross-claim for loss of use or attorneys' fees in the state court action, and it has said that it has no intention of doing so. Thus, if this court were to allow the wrongful death suit to proceed in state court at this time, it would nonetheless have to adjudicate Claimant Great Lakes' claims, which it would be unable to do until after the wrongful death suit had been fully adjudicated in the state court system and Great Lakes' legal fees would be finalized and definite. If, in the future, the court determines that Lyon does not have the right to limit its liability, the court may lift the stay and injunction of state court proceedings, as there will no longer be any need for the claims to be consolidated in a concursus. See Pickle v. Char Lee Seafood, Inc., 174 F.3d 444, 451 (4th Cir. 1999); supra note 1 & accompanying text.

## IV. CONCLUSION

Claimant Monroe's unilateral stipulations are insufficient to protect Lyon in this multiple-claimant limitation action. While it appears highly unlikely that Great Lakes' Claim for loss of use of the dredge DODGE ONE for $161,000, plus attorneys' fees and costs, will exceed the $1,200,000 limitation fund, it is not a certainty. Lyon has a right to litigate the limitation of liability action in this federal court, given the multiple claims and the lack of certainty thereon. Thus, Claimant Monroe's Motion to Lift the Injunction and Stay of State Court Proceedings is **DENIED**. The parties are **DIRECTED** to contact the Calendar Clerk within seven (7) days of entry of this Memorandum Opinion to set a Scheduling Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

March 9, 2015